Justice & alia,
concurring.
I join the opinion of the Court.
In Rita v. United States, 551 U. S. 338, 370-375 (2007) (opinion concurring in part and concurring in judgment), I wrote separately to state my view that any appellate review of sentences for substantive reasonableness will necessarily result in a sentencing scheme constitutionally indistinguishable from the mandatory Guidelines struck down in United States v. Booker, 543 U. S. 220 (2005). Whether a sentencing scheme uses mandatory Guidelines, a “proportionality test” for Guidelines variances, or a deferential abuse-of-discretion standard, there will be some sentences upheld only on the basis of additional judge-found facts.
Although I continue to believe that substantive-reasonableness review is inherently flawed, I give stare decisis effect to the statutory holding of Rita. The highly deferential standard adopted by the Court today will result in far fewer unconstitutional sentences than the proportionality standard employed by the Eighth Circuit. Moreover, as I noted in Rita, the Court has not foreclosed as-applied constitutional challenges to sentences. The door therefore remains open for a defendant to demonstrate that his sentence, whether inside or outside the advisory Guidelines range, would not have been upheld but for the existence of a fact found by the sentencing judge and not by the jury.